FRANCIS J. BRUMMETT, USE OF ROBERT S. REEDER, TRUSTEE OF FRANCIS J. BRUMMETT, *vs.* CATHARINE GOLDEN AND GEORGE BRENT, ADMR'S OF WM. B. GOLDEN.—*June* 1850.

The acts of Assembly of this state authorise the maintenance of an action of *trover* against administrators for an alleged conversion by their intestate.

APPEAL from *Charles* county court.

This was an action of *trover,* instituted by *Francis J. Brummett,* the appellant, against the appellees, as admr's of *William P. Golden,* deceased, to recover the value of two bonds, the property of the plaintiff, which the declaration alleged had been converted by the intestate in his lifetime. The defendants, the administrators, filed a general demurrer, which the county court sustained, and the plaintiff appealed.

The cause was argued before DORSEY, C. J., SPENCE, MAGRUDER, MARTIN and FRICK, J.

REEDER, for the appellant, contended that the action could be maintained:

1st. That it can be maintained for the value of a bond. See *Kent vs. Somervell,* 7 *G. & J.,* 265. See, also, *Smith vs. Robertson's Executors,* 4 *H. & J.,* 30.

2nd. That an action of trover can be maintained against

the administrators or an intestate, for a finding and conversion by an intestate in his lifetime. See section the 5th of the act of 1798, ch. 101, sub-ch. 8, where they are liable to be sued, and have power to sue in *all* cases, except slander and torts to the person. It lies against executors. See *Decrow vs. Moore*, 1 *Hayw.*, 21. See also, *Clarke vs. Kenon*, 1 *Hayw.*, 308. *Avery vs. Moore, same vol.* 362. These references may be found in *Metcalf and Perkins' Digest*, 583.

3rd. It is needless to refer to authority to show that there can be an amendment from *trover* to *assumpsit*, and a procedendo would enable the plaintiff so to amend, if the present action could not be maintained.

GEO. BRENT for the appellees.

The point presented upon demurrer in this case, is whether or not *trover* can be maintained against the defendants for an alleged conversion by their intestate.

That it cannot at common law, I think is clear. Where the declaration imputes a tort done to the person or property of another, and the plea must be " not guilty,"—the rule is " *actio moritur cum persona.*" 2 *Sanders' Plead. & Ev.*, 886. *Carter vs. Fosset, Cro. Car.*, 540. *Perkinson vs. Gilford*, 1 *Ld. Raym.*, 433. *Wheatley vs. Lane*, 1 *Saund. Rep.*, 216, and note (1) *in the 5th Amer. Edition.*

Is this rule changed by the 5th sec. of 1798, ch. 101, sub-ch. 8.

I have been unable to find any decision in Maryland upon the point, or any case in which an action of trover has been brought against an administrator for a conversion by his intestate—and I believe there is none.

It is now for this court to give a construction of this part of the act. It does not seem to me to authorise this form of action in this case.

I submit the case to their construction, and deem it needless to trouble them with my particular views.

MAGRUDER, J., delivered the opinion of this court.

Before the act of 1798, ch. 101, an effort had been made

to prevent any action from abating by the death of either party. The act of 1785, ch. 80, says expressly that no action shall abate by the death of either party, and attempted to provide for the continuance of such suits by prescribing the process, which is to be issued, in order to make proper parties to the suit. The act of 1798, ch. 101, sub-ch. 8, sec. 5, gives to executors and administrators full power to commence any personal action whatever at law or in equity, which the testator or intestate might have commenced, except actions of slander or injuries, or torts done to the person, and makes them liable to be sued in any court of law or equity, in any action except as aforesaid, which might have been maintained against the deceased. The act of 1801, ch. 74, sec. 38, forbids the abatement of several actions pending at the time of the death of either of the parties, and among the rest, actions of trover.

These several acts of Assembly certainly authorise the institution of this action of trover against the defendants, as administrators, for the alleged conversion by their intestate, of the instrument of writing set forth in the declaration.

Although some alterations might be made with advantage in the declaration, and in some places unnecessary words are to be found, yet we do not think that a general demurrer can be sustained.

JUDGMENT REVERSED, AND

PROCEDENDO AWARDED.